IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

MARKELL CLARK,                          :
                                        :
         Plaintiff,                     :
                                        :
    v.                                  :          Case No. 7:25-cv-80-LAG-ALS
                                        :
Lt. KATRINA DANIELS, *et al.*,          :
                                        :
         Defendants.                    :

## ORDER

Plaintiff Markell Clark, a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a 42 U.S.C. § 1983 action (Doc. 1) and he moved to proceed *in forma pauperis* ("IFP"). (Docs. 2; 4-1). Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED**. However, the Court has determined that it needs additional information before it can conduct the preliminary review required by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). It is, therefore, **ORDERED** that Plaintiff file a recast complaint that complies with the instructions below.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff's motion to proceed IFP is **GRANTED**. (Docs. 2; 4-1). However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without

1

paying an initial partial filing fee.

The Clerk is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that automatic withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**RECAST COMPLAINT**

Plaintiff shows one Defendant, Valdosta State Prison, in the heading of his Complaint. (Doc. 1, at 1). In response to question twelve of the form complaint, which asks the name, official position, and place of employment of each Defendant, Plaintiff lists Lieutenant Katrina Daniels, Unit Manager Baker, Warden Charles Mews, Ralph Shropshire, CERT Team Dominique, Unit Manager Miles, and Officer Dunlap. *Id*. at 4. In his Statement of Claim, Plaintiff mentions only

2

Lieutenant Katrina Daniels. *Id*. at 5. Given these discrepancies, it is not clear who Plaintiff seeks to sue.

Plaintiff complains that on April 7, 2025, Lieutenant Daniels "slammed" his finger in the tray flap of his cell. *Id*. His finger was so badly injured, he had to have surgery on April 15, 2025. *Id*. Plaintiff indicates his finger has become infected, and he is not receiving adequate medical care. *Id*. Plaintiff attached two "witness statement[s]" to his Complaint. (Doc. 1-1). In these, Plaintiff complains that (1) he cannot see out of his eye and Lieutenant Daniels is keeping him from getting necessary treatment; and (2) his arm and hand became infected after Lieutenant Daniels closed the tray flap on his hand and Lieutenant Daniels is "blocking" necessary medical care. *Id*. at 1, 3.

Plaintiff also wrote a letter in which he states both that his "finger was cut off" on April 15, 2025, and that his finger is infected. (Doc. 1-2, at 1). He indicates that the "medical group" who cut his finger off are now trying to kill him. *Id*. Plaintiff also complains that Officer Petersen (not named as a Defendant in the Complaint) and Lieutenant Daniels have refused his requests for food. *Id*. He states that he receives "old food" and has not been "receiving [his] 3000 cal[orie] trays." *Id*. Though not clear, Plaintiff seems to indicate that he is not getting the correct medication. *Id*. at 2.

The Court finds that Plaintiff's complaint suffers from several deficiencies that Plaintiff will be allowed to correct in his recast complaint. First, as explained above, it is not clear who Plaintiff wants to sue. While he names several Defendants in response to question twelve on the form complaint, he fails to link any Defendant other than Lieutenant Daniels to his claims. Second, portions of Plaintiff's complaint and letter are somewhat illegible and difficult to decipher. Third, while the Court understands that Plaintiff complains of a lack of medical care, it is not

entirely clear from what serious medical condition(s) Plaintiff suffers or for what exactly he needs medical care. Fourth, Plaintiff seems to raise unrelated claims against numerous Defendants in violation of Federal Rule of Civil Procedure 20. Because Plaintiff is proceeding *pro se*, the Court will give him **ONE** opportunity to file a recast complaint to correct or respond to these issues.

Plaintiff must complete in full the Court's standard 42 U.S.C. § 1983 form. When doing so, Plaintiff must list each Defendant in the heading of his recast complaint. In the Statement of Claim section of the form complaint, Plaintiff must again list each Defendant by name and tell the Court exactly how and when that Defendant allegedly violated Plaintiff's constitutional or federal statutory rights. In other words, what exactly did that Defendant do, or fail to do, that violated Plaintiff's rights. When Plaintiff is telling the Court how each Defendant violated his constitutional or federal statutory rights, Plaintiff must also state facts showing what the Defendant did or did not do; it is not enough to simply state ambiguous or conclusory allegations. In his recast complaint, Plaintiff also needs to write legibly and in ink. If the Court is unable to read the recast complaint, Plaintiff's action may be dismissed.

Plaintiff should be on notice that Valdosta State Prison is not an appropriate Defendant. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating that sheriff's departments and police departments are not considered legal entities subject to suit); *Parker v. Valdosta State Prison*, No. 7:23-CV-141-HL-TQL, 2024 WL 758086, at *3 (M.D. Ga. Feb. 23, 2024) (explaining that Valdosta State Prison, like other Georgia prisons, is not a legal entity subject to liability in § 1983 claims). Thus, Plaintiff should refrain from naming Valdosta State Prison as a Defendant.

It appears that Plaintiff is trying to allege both an Eighth Amendment excessive force claim (slamming the tray flap on Plaintiff's hand) and an Eighth Amendment deliberate indifference to serious medical needs claim (disallowing medical care for Plaintiff's finger/hand following

surgery) against Lieutenant Katrina Daniels. (Doc. 1, at 5). It also seems that Plaintiff attempts to raise an Eighth Amendment deliberate indifference to serious medical needs claim against others. Plaintiff, however, has not told the Court who he asked for medical care, the response he received when he requested medical care, when he asked for medical care, or what type of medical care he needs. Plaintiff needs to provide this information in his recast complaint.

It is impossible to tell at this point if Plaintiff's various complaints about his alleged food deficiencies or eye injury may be joined with his excessive force and deliberate indifference to serious medical needs claims involving his hand/finger. Pursuant to Federal Rule of Civil Procedure 18, if Plaintiff were naming only one Defendant, he could raise as many claims as he wanted against that Defendant. But the situation is different when Plaintiff seeks to join numerous Defendants in one action, as Plaintiff appears to do here. Plaintiff may not join unrelated claims and numerous Defendants in a single action. Instead, in order to properly join multiple Defendants, Plaintiff must establish that he is asserting a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and that "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (citation omitted). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citation omitted). Thus, to properly join numerous Defendants under Federal Rule of Civil Procedure 20, Plaintiff must establish that at least one claim against each of them "arise[s] from common operative facts." *Id.*; *see also Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x

859, 860 (11th Cir. 2010) (finding that plaintiff's complaint failed to comply with Rule 20 because "[t]he actions of the defendants named by [plaintiff] appear to be separate incidents, ranging from feeding [plaintiff] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [plaintiff] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [plaintiff] described.")

Plaintiff must also provide factual details to support his claims. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Thus, when Plaintiff recasts his complaint, he must plead "at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). In other words, simply stating that "the defendants were deliberately indifferent to my serious medical needs" or "the defendants violated the Eighth Amendment" will not suffice and will not prevent dismissal of the complaint.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his constitutional or federal statutory rights. To that end, it is recommended that, when drafting his statement of claims on the Court's standard complaint form, Plaintiff answer the following questions as to each defendant:

6

(1)    *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role?[1] Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)    *When* and *where* did each action occur (to the extent memory allows)?

(3)    *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)    *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)    *What* did this defendant do (or not do) in response to this knowledge?

(6)    *What* relief do you seek from this defendant?

Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted). Thus, Plaintiff's recast complaint will take the place of his original complaint and all exhibits, attachments, and letters. The Court will not refer to any previous complaint, letter, or exhibit to determine if Plaintiff has stated a claim.

Plaintiff's complaint should be no longer than **TEN (10) PAGES**. Plaintiff may not attach any exhibits, declarations, or other attachments to the recast complaint.

---

[1] Supervisory prison officials cannot be responsible for the actions of their subordinates unless the prisoner can establish a causal connection between the prison official's action and the subordinate's conduct. *Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023). This causal connection can be established if

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

*Hendrix v Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (alterations in original) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008)). If Plaintiff seeks to hold any of the named Defendants liable in their supervisory capacities only, he must plead facts sufficient to establish this causal connection.

In conclusion, it is **ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, (Docs. 2; 4-1) is **GRANTED**. Plaintiff is **ORDERED** to file a recast complaint that complies with the above instructions within **FOURTEEN (14) DAYS** from the date of this Order. If Plaintiff fails to do so, his action will likely be dismissed. Plaintiff is directed to advise the Clerk of any address change while this matter is pending. If Plaintiff fails to keep the Court informed of any change of address, his action may be dismissed. The Clerk of Court is **DIRECTED** to forward to Plaintiff a standard §1983 form with the civil action number on it along with a copy of this Order.

**SO ORDERED**, this 27th day of August, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

8