# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| MARKELL CLARK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-80-LAG-ALS |
| | : | |
| Lieutenant KATRINA DANIELS, | : | |
| Unit Manager BAKER, | : | |
| Warden CHARLES MEWS, | : | |
| Warden RALPH SHROPSHIRE, | : | |
| CERT Member DOMINIQUE, | : | |
| Unit Manager MILES, | : | |
| Officer DUNLAP, and Warden ODUM,[1] | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Plaintiff Markell Clark, a prisoner at Valdosta State Prison in Valdosta, Georgia filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). He also moved to proceed *in forma pauperis* ("IFP"). (Doc. 2). The Court granted Plaintiff's motion to proceed without prepayment of the filing fee, and after an initial review of the complaint, the Court ordered Plaintiff to file a recast complaint. (Doc. 5). Plaintiff has now filed his recast complaint. (Doc. 8). On preliminary review, it is **ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Lieutenant Katrina Daniels shall proceed for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims against all other Defendants be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff was ordered to file a recast complaint, which would supersede or take the place of his original complaint. (Doc. 5). In his recast complaint, Plaintiff names these Defendants. (Doc. 8, at 4). Accordingly, the Clerk is **DIRECTED** to amend the docket to reflect these individuals as the named Defendants on CM/ECF.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a

reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Factual Allegations

Despite being ordered to list the name of each Defendant he wants to sue in the heading of his recast complaint (Doc. 5, at 4), Plaintiff lists only "Lt. Katrina Daniels, *et al*[.]" (Doc. 8, at 1). However, in response to question twelve, which asks the name, official position, and place of employment of each Defendant, Plaintiff lists Lieutenant Katrina Daniels, Unit Manager Baker, Warden Charles Mews, Warden Ralph Shropshire, CERT member Dominique, Unit Manager Miles, Officer Dunlap, and Warden Odum. *Id.* at 4. Thus, the Court assumes these are also Defendants that Plaintiff seeks to sue in this action.

According to the Statement of Claim section, the incident about which Plaintiff complains occurred on April 7, 2025. *Id.* at 5. Although he did not provide specific dates, Plaintiff alleges he was placed in a strip cell when he "first arrived to [sic] Tier II." *Id.* Plaintiff also states that on an

3

unspecified date, unnamed Defendants unjustly accused him of unidentified disciplinary infractions and put him in "cell K-2-9 for nine months with no water supply, (toilet or sink) no clothes, no mattress, or bed linen[s] at all." *Id.* Plaintiff further states that on an unspecified date unnamed Defendants placed him in cell K-1-39, which had "the same inhumane conditions[.]" *Id.* Plaintiff was subsequently placed in cell K-2-9 where he "received a chicken tray with acid in the food." *Id.* Though it is unclear when or why, "CERT Team Dominique" placed Plaintiff in a "strip cell against [his] will[.]" *Id.*

Plaintiff alleges that on at least five occasions, unnamed Defendants "used excessive force on [him] for exercising [his] rights[.]" *Id.* Plaintiff provides no factual details or support for this allegation.

Plaintiff states that he "was placed [in] K-1-29 [during] the month of April, under the supervision of the active Unit Manager . . . Officer Lieutenant Daniels." (Doc. 8, at 5). The significance of this statement is unclear to Court. Moreover, the Court cannot tell whether Plaintiff is asserting an allegation, and if he is, who any such allegation might be against. It is not clear who the "active Unit Manager" was, what conditions existed in cell K-1-29, or what role "Officer Lieutenant Daniels" played in any of it, although it is possible that Plaintiff is suggesting that Lieutenant Daniels was acting as the "active" Unit Manager. *Id.*

Without additional detail, Plaintiff states that "[t]he day of October sometime of 2024, Lieutenant Daniels slammed [his] finger in the tray flap and badly injured it, which led up to [him] having to have [sic] surgery on it [on] April 15, 2025[.]" *Id.* According to Plaintiff, "[a]ll four of these defendants had been notified, seen [sic], and was [sic] aware of [his] finger listed [sic]: Unit Manager Baker[,] Warden Odum[,] Unit Manager Miles[, and] Officer Dunlap." *Id.*

4

Plaintiff states he does not seek damages because "[t]here's no price on pain." *Id.* at 6. Instead, he "ask[s] to be treated fairly[.]" *Id.* As an initial matter, the Court cannot order any Defendant to treat Plaintiff "fairly[.]" While in some situations the Court may order specific injunctive relief, it cannot issue vague or subjective injunctions to treat an opposing party fairly. Fed. R. Civ. P. 65(d)(1)(C) (providing that an injunction must describe in detail "the act or acts restrained or required"); *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (stating that "[b]road, non-specific language that merely enjoins a party to obey the law . . . does not give the restrained party fair notice of what conduct will risk contempt" and such an injunction will not be upheld on appeal) (citations omitted). Thus, even if Plaintiff ultimately prevails in this action, this Court is unable to grant the relief requested by Plaintiff in the recast complaint. This, however, provides no basis for recommending dismissal of Plaintiff's entire action. See Fed. R. Civ. P. 54(c) (stating that every final judgment, other than default judgment, "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

III. Plaintiff's Claims

A. Excessive force claim against Defendant Katrina Daniels

Plaintiff alleges that in October 2024, "Lieutenant Daniels slammed [his] finger in the tray flap and badly injured it, which led up to [him] having . . . surgery on it [on] April 15, 2025."[2] (Doc. 8, at 5). Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's cruel and unusual punishment standard. *Whitley v. Albers*, 475 U.S. 312, 319-22 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson*

---

[2] The Court notes that in his original complaint, Plaintiff alleged that on April 7, 2025, Lieutenant Daniels "slammed" his finger in the tray flap, and he had surgery on his finger on April 15, 2025. (Doc. 1, at 5). The Court informed Plaintiff that his recast complaint would take the place of the original. (Doc. 5, at 7). Thus, it is assumed that the event at issue happened in October 2024 and Plaintiff had surgery on his finger on April 15, 2025.

*v. McMillian*, 503 U.S. 1, 8-10 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id.* at 6-7 (citing *Whitley*, 475 U.S. at 320-21). To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

"The subjective component is the 'core judicial inquiry' in an Eighth Amendment excessive force case. *Stalley v. Cumbie*, 586 F. Supp. 3d. 1211, 1228 (M.D. Fla. 2022) (quoting *Hudson*, 503 U.S. at 8). The key question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (first quoting *Hudson*, 503 U.S. at 7; and then citing *Whitley*, 475 U.S. at 319-21). When the use of force is malicious or sadistic, "'contemporary standards of decency always are violated . . . whether or not significant injury is evident.'" *Id.* (quoting *Hudson*, 503 U.S. at 9) (alteration in original); *Sconiers v. Lockhart*, 946 F.3d 1256, 1266 (11th Cir. 2020) (quoting *Wilkins*, 559 U.S. at 37) (stating that "the Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary'"). To determine if the use of force was malicious or sadistic, the Court takes into consideration several factors:

> a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.

*Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (citation omitted).

Plaintiff has provided little in the way of factual detail about this excessive force claim. He simply alleges (1) Lieutenant Daniels "slammed" the tray flap on his finger and (2) the injuries

required surgery. (Doc. 8, at 5). Given this limited information, it is far from clear that Plaintiff's excessive force claim will ultimately prevail. *Compare Brockington v. Stanco*, No. 5:14-cv-38-MTT-CHW, 2016 WL 4443204, at *3 (M.D. Ga. May 25, 2016) (finding that prisoner's refusal to remove his arms from the tray flap created a legitimate need for some use of force), *report and recommendation adopted*, 2016 WL 4445475 (M.D. Ga. Aug. 19, 2016), *with Rodriguez v. Powell*, No. 5:17-cv-387, 2019 WL 2479301, at *8 (M.D. Ga. Jan. 31, 2019) (finding that force not justified if officer provided "no meaningful instructions or warnings" before slamming a tray flap on prisoner's hand, even if prisoner was violating rule regarding tray flap), *report and recommendation adopted*, 2019 WL 1237146-MTT-CHW (M.D. Ga. Mar. 18, 2019). Construing Plaintiff's complaint liberally, this claim may proceed forward against Defendant Katrina Daniels for further factual development.

### B. Any claim against Warden Charles Mews and Warden Ralph Shropshire

Plaintiff lists these two Defendants in response to question twelve on the complaint form, which asks the name, position, and place of employment of each Defendant he wishes to sue. (Doc. 8, at 4). Plaintiff, however, makes no allegations against these two Defendants. Thus, he simply has not told the Court how Defendants Mews and Shropshire violated his constitutional or federal statutory rights. "[S]ection 1983 'requires proof of an affirmative causal connection between the actions taken by a particular person "under color of state law" and the constitutional deprivation.'" *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (citations omitted). A district court properly dismisses claims where a prisoner fails to state any allegations that connect the alleged constitutional violation with a defendant. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citations omitted) (affirming dismissal of claims against several defendants when plaintiff failed to allege facts that connect those defendants with any claim).

It is, therefore, **RECOMMENDED** that Plaintiff's claims against Mews and Shropshire be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

### C. Any claim against CERT Member Dominique

Plaintiff makes the following allegation against CERT Member Dominique: "I was placed on strip cell against my will by CERT Team Dominique." (Doc. 8, at 5). Plaintiff states that Defendant "Dominique still shows up to work periodically." *Id.* Defendant Dominique's role in Plaintiff's placement in a strip cell is unclear. It is not clear when, why, or how Defendant Dominique "placed" Plaintiff in a strip cell. Did Defendant Dominique (as a member of the CERT team) simply escort Plaintiff to a strip cell? If so, it is unclear how that act violated Plaintiff's rights, despite that Plaintiff claims he went to the cell "against [his] will[.]" *Id.* Plaintiff also alleges that unnamed officers used "excessive force," but it is unclear if he is referring to Defendant Dominique. *Id.* Even if he is, however, he has provided no facts to support this claim and it should, therefore, be dismissed. *Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (stating that "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims"). Here, Plaintiff has not provided any detail regarding how Defendant Dominique violated his constitutional or federal statutory rights. Therefore, Plaintiff has failed to state a viable claim against Defendant Dominique.

It is, therefore, **RECOMMENDED** that any claim against CERT Member Dominique be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

### D. Any claim against Unit Manager Baker, Warden Odum, Unit Manager Miles, and Officer Dunlap

Finally, Plaintiff mentions Defendants Baker, Odum, Miles, and Dunlap in one sentence: "All four of these [D]efendants had been notified, seen, and was [sic aware of my finger[.]"

8

These Defendants' knowledge of Plaintiff's injured finger, without more, does not violate Plaintiff's constitutional or federal statutory rights. Plaintiff simply has not told the Court how these Defendants violated his rights. It is, therefore, **RECOMMENDED** that any claim against Defendants Baker, Odum, Miles, and Dunlap be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

IV.   Conclusion

For the foregoing reasons, Plaintiff's Eighth Amendment excessive force claim against Defendant Lieutenant Katrina Daniels shall proceed for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims against all remaining Defendants be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. 1915A(b).

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Leslie Abrams Gardner, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Lieutenant Katrina Daniels, it is accordingly **ORDERED** that service be made on Defendant and that she file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS,
PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel,

however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendant comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 23rd day of October, 2025.

s/ **ALFREDA L. SHEPPARD**  
UNITED STATES MAGISTRATE JUDGE

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendant shall confer with the Defendant and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)     State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)     If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3)     State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4)     If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)     Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.