## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

MARKELL CLARK,                              :
                                           :
          Plaintiff,                       :
                                           :
v.                                         :          Case No. 7:25-cv-80-LAG-ALS
                                           :
Lieutenant KATRINA DANIELS,                :
                                           :
          Defendant.                       :
_____

### NOTIFICATION OF MOTION TO DISMISS

On May 18, 2026, Defendant filed a Motion to Dismiss Plaintiff's Complaint and a brief in support thereof. (Doc. 22). The Court is required to adequately advise Plaintiff of the significance of Defendant's Motion. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendant's Motion, the following notice is given.

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendant's Motion to Dismiss. Unless the Court has granted permission, any brief should not exceed twenty (20) pages. M.D. Ga. Civ. L.R. 7.4.

Normally, when considering a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs. If, however, Defendant has alleged that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies available through the Georgia Department of Corrections, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th

Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). If Plaintiff is responding to a motion to dismiss for failure to exhaust, this is his opportunity to "develop the record." *Id.* Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANT'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment and there would be no trial or further proceedings in this case. Accordingly, Plaintiff is **NOTIFIED** of his right to submit a response to Defendant's Motion to Dismiss **WITHIN TWENTY-ONE (21) DAYS** of the date of this Notice. As explained above, if Plaintiff fails to file a brief in opposition to the Motion to Dismiss, a final judgment may be rendered against him if otherwise appropriate under law. Defendant may file any desired reply within fourteen (14) days of Plaintiff's response. Thereafter, the Court will consider Defendant's Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

**SO ORDERED**, this 19th day May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE